# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JORY LYNN POAFPYBITTY,<br>a/k/a Jory Len Poafpybitty,<br><br>    Defendant. | Case No. CR-25-170-RAW |

## **ORDER**

The Defendant is charged in this case with a single count of felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Before the court are the motion to suppress [Docket No. 28] and the Government's response thereto [Docket No. 31]. The Defendant seeks to suppress the ammunition recovered from his backpack by Officer Swim at the time of his arrest as well as his statements.

Also before the court are the Report and Recommendation ("R&R") issued by Magistrate Judge Gerald L. Jackson [Docket No. 36], the Defendant's objection thereto [Docket No. 38], and the Government's response to the Defendant's objection [Docket No. 40]. Magistrate Judge Jackson held a hearing on October 23, 2025, after which he entered the R&R recommending that the motion to suppress be denied as to the search and seizure of the Defendant's property and granted as to any statements the Defendant made after he was arrested. Magistrate Judge Jackson first found that, under the totality of the circumstances, the officers had probable cause to believe the Defendant was publicly intoxicated and had committed larceny, both of which are violations of Cherokee Nation law.

Magistrate Judge Jackson next found that the Government met its burden to show that the impoundment of the Defendant's property was lawful under *United Staes v. Sanders*, 796 F.3d 1241, 1248 (10th Cir. 2015). Moreover, while Officer Swim admitted that he was partly motivated by an investigatory motive, Magistrate Judge Jackson found that he was just as motivated by the caretaker role and protecting himself when looking through the bags. The existence of dual motives does not condemn an inventory search's propriety. *See United States v. Ulibarri*, 149 F.4th 1193, 1200-01 (10th Cir. 2025) (agreeing with the lower court that although a search was partially motivated by improper investigatory intent, it did "not run afoul of the Fourth amendment because the officers had a valid community-caretaking rationale.").

Magistrate Judge Jackson also found that regardless of whether Officer Swim conducted a property inventory or community caretaking search, discovery and seizure of the ammunition was justified under the Fourth Amendment by the inevitable discovery doctrine. *United States v. Ibarra*, 955 F.2d 1405, 1410 (10th Cir. 1992). As to the Defendant's motion to suppress his statements, Magistrate Judge Jackson found that any statements made by the Defendant from the time he was placed in handcuffs should be suppressed given that there is no evidence he was properly *Mirandized*.

In his Objection, the Defendant argues that the officers lacked probable cause to arrest him because he did not commit any offense in the officers' presence. He argues that Officer Swim simply saw him bent over a water spigot, not threatening anyone, not unsteady, not slurring his speech, and not displaying any recognized sign of intoxication such as an odor of alcohol or bloodshot and watery eyes.

As noted by Magistrate Judge Jackson, this ignores the dispatch report that Defendant was yelling, "This is what vodka does to me," slurring his speech, acting aggressive, and yelling

at nothing. Officer Swim testified that he observed the Defendant being animated, yelling, and making gestures, all behavior that the Defendant did not normally exhibit when under the influence based on Officer Swim's years-long acquaintance with the Defendant in a law enforcement capacity. The Defendant argues that Magistrate Judge Jackson did not address "this limitation" regarding whether the Defendant acted in the officers' presence. In fact, he did address it and found that the Defendant was publicly intoxicated in Officer Swim's presence.

The Defendant next argues that the officers did not conduct an "inventory search," but instead an "investigatory rummaging." As the Magistrate Judge noted, the existence of dual motives does not condemn an inventory search's propriety. The Defendant argues that the Magistrate Judge incorrectly conducted the *Sanders* analysis. The court is not convinced. The Defendant would have the officers leave the bags on the sidewalk for anyone to take, or alternatively, take time away from their more urgent duties to contact the Defendant's family to arrange for and then wait for his property to be picked up. Neither alternative is reasonable. Magistrate Judge Jackson properly analyzed the facts under *Sanders*.

Finally, the Defendant argues that there was no evidence that his bag would have invariably been searched, that there was no evidence that an inventory was done, and that inevitable discovery cannot be based on what officers or jail staff might have done. In fact, as stated in the R&R, there was testimony that the ammunition would have been identified during a properly conducted inventory search conducted upon the Defendant's jail intake. Officer Swim's body camera included footage from the search of the Defendant's bags at the jail. The jail had a policy governing the personal property of all inmates that included backpacks. The court is satisfied, as was Magistrate Judge Jackson, that the ammunition would have been inevitably discovered and seized during a properly conducted inventory search at the jail.

After a de novo review, the Report and Recommendation [Docket No. 36] is hereby AFFIRMED and ADOPTED as this court's findings and order. The motion to suppress [Docket No. 28] is hereby DENIED.

**IT IS SO ORDERED** this 10th day of December, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**